| ✎PROB 12C<br>( 12/04) | # UNITED STATES DISTRICT COURT |
|---|---|

for

## District of Guam

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Francisco Perez Villagomez**  Case Number: **CR 97-00024-001**
Name of Sentencing Judicial Officer:  John S. Unpingco
Date of Original Sentence:  July 25, 1997

Original Offense: Importation of Crystal Methamphetamine, in violation of 21 U.S.C. §§ 952(a) & 960; Possession of Crystal Methamphetamine Aboard an Aircraft, in violation of 21 U.S.C. § 955; and Possession of Crystal Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a).

Original Sentence: 97 months imprisonment (concurrent), followed by a four year term of supervised release with conditions: not commit another federal, state, or local crime; not illegally possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter; not possess a firearm; comply with the standard conditions of supervision; perform 250 hours of community service; seek and maintain gainful employment; participate in a substance abuse program, which may include but is not limited to random urinalysis; and pay a $300 special assessment fee. **Modified on January 30, 2006** to include that he refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

Type of Supervision: **Supervised Release**  Date Supervision Commenced: **May 12, 2004**
Assistant U.S. Attorney: **Mark Kondas**  Defense Attorney: **Eric Butterfield**

### PETITIONING THE COURT

☐ To issue a warrant
☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance
--- | ---
1. | Failed to report to the Probation Officer. [18 U.S.C. § 3583(d)]
2. | Failed to follow the instructions of the Probation Officer. [18 U.S.C. § 3583(d)]
3. | Failed to submit to drug testing. [18 U.S.C. § 3583(d)]

≜Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

**☒** The term of supervision should be

    **☒** revoked.

    ☐ extended _____ years, for a total term of _____ years.

☐ The conditions of supervision should be modified as follows:

*See attached Declaration in Support of Petition,
Re: Violation of Supervised Release Conditions; Request for a Summons
submitted by USPO John W. San Nicolas II*

Reviewed by:

/s/ CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Supervision Unit Leader

Date: July 9, 2007

I declare under penalty of perjury that the foregoing is true and correct.

/s/ JOHN W. SAN NICOLAS II
U.S. Probation Officer

Executed on: July 9, 2007

**THE COURT ORDERS:**

☐ No action.

☐ The issuance of a warrant.

☐ The issuance of a summons.

☐ Other

**VIOLATION WORKSHEET**

1. Defendant **Francisco Perez Villagomez**
2. Docket Number (Year-Sequence-Defendant No.) **CR 97-00024-001**
3. District/Office  0993/1
4. Original Sentence Date  07 / 25 / 97
   month  day  year

(If different than above):
5. Original District/Office
6. Original Docket Number (Year-Sequence-Defendant No.)

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| ● *Shall report to the probation officer and submit a truthful and complete written report within the first five days of the month.* | C |
| ● *Shall answer truthfully all inquiries of the probation officer and follow the instructions of the probation officer* | C |
| ● *The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.* | C |
| ● | |

8. Most Serious Grade of Violation (see §7B1.1(b))   C
9. Criminal History Category (see §7B1.4(a))   I
10. Range of Imprisonment (see §7B1.4(a))   3-9 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002**

Case 1:97-cr-00024   Document 45-2   Filed 07/10/2007   Page 1 of 2

Defendant: **Francisco Perez Villagomez**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | Fine ($) | N/A | Home Detention | N/A |
    | Other | N/A | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 39-45 months

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    None.

15. **Official Detention Adjustment** (see §7B1.3(e)): 0 months 0 days

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002**

Case 1:97-cr-00024   Document 45-2   Filed 07/10/2007   Page 2 of 2

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 97-00024-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DECLARATION IN SUPPORT OF PETITION** |
| vs. | ) | |
| | ) | |
| FRANCISCO PEREZ VILLAGOMEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**Re:  Violation of Supervised Release Conditions; Request for a Summons**

I, U.S. Probation Officer John W. San Nicolas II, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Francisco Perez Villagomez, and in that capacity declare as follows:

On July 25, 1997, Francisco Perez Villagomez was sentenced in the District Court of Guam to a 97 month term of imprisonment (concurrent), followed by a four year term of supervised release for the offenses of Importation of Crystal Methamphetamine, in violation of 21 U.S.C. §§ 952(a) & 960; Possession of Crystal Methamphetamine Aboard an Aircraft, in violation of 21 U.S.C. § 955; and Possession of Crystal Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a).

On December 15, 2003, Mr. Villagomez began his pre- release term with the Bureau of Prisons, which included home confinement with electronic monitoring. On January 14, 2004, a violation report was forwarded to the Bureau of Prisons due to Mr. Villagomez's failure to report for a scheduled drug test. On February 13, 2004, a violation report was forwarded to the Bureau of Prisons due to failure to provide a urine sample (stall) at a scheduled drug test and for association with a known felon. As a result, Mr. Villagomez was placed into custody by the Bureau of Prisons for 11 days. On March 3, 2004, he was released and allowed to complete his home confinement term.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Summons
Re:     VILLAGOMEZ, Francisco Perez
Criminal Case No. 97-00024-001
July 9, 2007
Page 2


On April 20, 2004, a violation report was forwarded to the Bureau of Prisons due to Mr. Villagomez's failure to report for a scheduled drug test. On May 12, 2004, he began his term of supervised release. On January 30, 2006, the supervised release conditions were modified by the Court due to the 9th Circuit Court decision in the United States v. Stephens, No. 04-50170, to include that Mr. Villagomez submit to up to eight drug tests per month.

Mr. Villagomez is alleged to have violated the following conditions of supervision:

**Standard Condition 1:** *The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.* [18 U.S.C. § 3583(d)]

**Standard Condition 2:** *The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.* [18 U.S.C. § 3583(d)]

**Standard Condition 2:** *The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.* [18 U.S.C. § 3583(d)]

On April 17, 2007, this Officer conducted an unannounced visit at Mr. Villagomez's residence located in Barrigada, Guam to advise him that a transfer of supervision request to the Western District of Texas was approved. However, the home was visibly vacant. A neighbor advised this Officer that Villagomez had moved to another residence in Chalan Pago, Guam. On the same date, this Officer proceeded to the Chalan Pago residence and left an appointment card for Villagomez to contact this Officer.

On April 30, 2007, this Officer received further information that Villagomez was residing at his mother's home in Yona, Guam. This Officer spoke with Villagomez telephonically and set an appointment for May 2, 2007 to discuss the residence change and his failure to submit a March 2007 monthly supervision report. However, Villagomez failed to report as instructed on May 2, 2007 and May 3, 2007. On May 7, 2007, this Officer conducted a visit at the Yona, Guam residence and met with Villagomez. Later, he

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Summons
Re:  VILLAGOMEZ, Francisco Perez
Criminal Case No. 97-00024-001
July 9, 2007
Page 3

reported to the U.S. Probation Office and met with this Officer to discuss the noncompliance with supervised release conditions. Villagomez stated he changed residence because he quit working and could no longer afford rent. He stated that he has a medical condition, but has not seen and refuses to see a doctor for treatment. Villagomez was advised that because he failed to notify this Officer as required of a change in residence and employment, failed to report as instructed, failed to submit his March 2007 monthly supervision report, and due to substantial weight loss, that he would be the subject of increased supervision, to include more drug testing. In addition, he was advised that if he failed to comply with this Officer's instructions, his transfer request would be denied and a violation report would be forwarded to the Court.

On June 18, 2007, this Officer instructed Villagomez to report to the U.S. Probation Office for a random drug test and to submit his May 2007 monthly supervision report. He cited lack of transportation, but stated he would try to report as instructed. However, Villagomez failed to report as instructed. On June 20, 2007, this Officer conducted a home visit and met with Villagomez to discuss his noncompliance with drug testing and monthly reporting. He was instructed to report to this Officer on June 21, 2007 to address his noncompliance. He failed to report as instructed.

**Supervision Compliance:** Except as outlined above, Mr. Villagomez has complied with conditions of supervision since being on supervised release. He completed his community service requirement on February 10, 2004, and drug treatment program on May 18, 2005, and he paid his special assessment fee on July 15, 1998. He voluntarily submitted to a DNA blood collection on September 6, 2005.

**Recommendation:** This Probation Officer respectfully requests that the Court issue a Summons for Francisco Perez Villagomez to appear for a hearing to answer or show cause why his term of supervised release should not be revoked pursuant to 18 U.S.C. § 3583.

Executed this 9th day of July 2007, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Summons
Re:   VILLAGOMEZ, Francisco Perez
Criminal Case No. 97-00024-001
July 9, 2007
Page 4

    I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

                                                Respectfully submitted,

                                                ROSSANNA VILLAGOMEZ-AGUON
                                                Acting Chief U.S. Probation Officer

By:  /s/ JOHN W. SAN NICOLAS II
                    U.S. Probation Officer

Reviewed by:

/s/ CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Supervision Unit Leader

cc:   AUSA
      Eric Butterfield, Defense Counsel
      File